DARIUS GREENUP, Plaintiff in Error, *v.* THOMAS M. SEWELL, Defendant in Error.

### APPEAL FROM WASHINGTON.

Where a court of equity can so partition a joint estate as to accommodate a part of the owners, without injuring others, it will do so.

Where improvements upon land sought to be partitioned by proceeding under the statute are insignificant, a court of chancery will not interfere to control the action of the court at law.

THE bill in this case shows that appellee commenced by petition, for partition of lot number six, in the town of Nashville, in Washington county, and that appellant would be denied his equitable rights; and asks for a partition of the lot, so that the south part, which adjoins other land of his, shall be set off to him. Bill also alleges that appellant improved that part of lot six adjoining his other land, with the expectation of acquiring the same. The improvements made by appellant were unimportant, costing but a very insignificant sum, which had been compensated by the use of the ground.

Decree dismissing bill was entered at October term, 1855, of the Washington Circuit Court.

ISAAC MILLER, for Appellant.

P. E. HOSMER and C. G. SIMONS, for Appellee.

CATON, J. The complainant owned one undivided fourth part of a fraction fifty feet wide, of a lot in the town of Nashville. He owned and occupied the lot adjoining on the south of the fraction in question, of which he fenced off about one-fourth on the south side, and adjoining his own lot, and occupied it for several years. All his improvements in fencing and filling up the lot, do not exceed in value twenty dollars, and the use and occupancy of the premises which he has enjoyed, may be about the same amount. The other owners filed a petition under our statute for a partition, and the complainant filed this bill to enjoin that proceeding, and for a partition, praying that the part which he had inclosed, and taken possession of, and which adjoins his other lot, might be set off to him. This bill was dismissed by the circuit court, which decision we feel called upon to affirm. The improvements made by the complainant are too insignificant to justify his application to a court of chancery, to take the question away from the common law court, which had already acquired juris-

diction, and was proceeding to administer the rights of the parties, even laying out of view the fact that the complainant had enjoyed the use of the premises to about an equal amount. The strongest feature of equitable interference to give him the portion of the lot which he asks, is that he owns the adjoining lot, and as the proof shows, the portion sought is more convenient to him than any other portion of the lot, and is not more convenient to the other joint owners. This fact would be sufficient, in my mind, to entitle him to the relief asked, did it not clearly appear, from the evidence in.the case, that the relative value of the balance of the lot would be injured by dividing it up in any way. Where a court of equity can so partition a joint estate as to accommodate a portion of the joint owners without injury to the others, it will do so, and this upon the plainest principles of right. This is a principle of equity jurisprudence well settled, and which would commend itself to every just mind, were there no precedents for its support. It is one of those cases where a party has no legal right, and yet a conscionable claim to have the thing done. But the court will not do this when any injury is to result to the other joint owners. When they are to be injured they have a right to complain, and this of necessity destroys the right of the other party to the relief sought. The very basis of the relief granted in such cases, is that one party is benefitted and the other not injured. In such a case the benefit is a clear gain to the amount of human good, and at the expense of no one. If no one is injured, then no one has a right to complain or object.

In this case the evidence is clear and uncontradicted, that to divide the lot as proposed by the complainant, or indeed to any way subdivide or reduce it, would injure the estate. It is even now but the fraction of a lot, and to reduce it still more would reduce the relative value of the remainder, if it would not render it entirely unsalable. When such is the case, the interests of all require that the property should be sold, and the proceeds divided, which the court of law which first got jurisdiction is as competent to do as this court, and in such a case a court of equity will not interfere.

The decree must be affirmed.

*Decree affirmed.*